IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT L. BROWN,

                             Petitioner,

   v.                                                      OPINION and ORDER

GEORGE LENZNER,                                   24-cv-281-jdp

                             Respondent.[1]

---

Robert L. Brown, proceeding without counsel, is currently detained at the Shawano County Jail after being charged with various crimes including first-degree sexual assault of a child. *State v. Brown*, Shawano County Case No. 2023CF272. He has filed a document he calls a "Motion for Federal Habeas Corpus Writ of Mandamus Motion to Dismiss/Acquittal." Dkt. 1. I will treat the filing as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[2] Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. I must also review his petitions for compliance with Rule 2(c), which requires the petitioner to "specify all the grounds for relief" and "state the facts supporting each ground." This means that the petitioner must provide enough facts to cross "some threshold of

---

[1] Brown named the state of Wisconsin as the respondent, but the proper respondent is his custodian, in this case the Shawano County sheriff. I have amended the caption to substitute Sheriff Lenzner.

[2] The § 2254 rules may be applied to other types of habeas cases. *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

plausibility" before the state will be required to answer. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *Dellenbach v. Hanks*, 76 F.3d 820, 822 (7th Cir. 1996).

Brown's petition does not comply with Rule 2(c). His petition is extremely short; he states only that "no genuine issues of material fact remain to be decided at trial and that he should now win as a matter of law." Dkt. 1, at 1. That is far too vague and conclusory of a statement of his grounds for habeas relief. If what he means is that he should win his criminal trial in Shawano County, this federal court cannot enter that type of ruling. He attaches a state-court "Petition for Appointment of Attorney, Affidavit of Indigency" form in which he checked a box stating that "[t]he state public defender has not appointed an attorney to represent [him] within a reasonable time." Dkt. 2. If he is attempting to bring a speedy-trial claim based on a delay in being appointed an attorney, that claim is moot: the electronic record of Brown's state-court proceedings shows that he was appointed an attorney on April 10.

If he believes that there is some other defect in his criminal proceedings that warrants habeas relief, he hasn't explained what that defect is. In any event, it is unlikely that this court could grant him habeas relief. Federal courts must exercise discretion when considering a pretrial habeas corpus petition so as to "avoid[ ] interference with the process" of the state courts. *Baldwin v. Lewis*, 442 F.2d 29, 32 (7th Cir. 1971) (quoting *Ex parte Royall*, 117 U.S. 241, 252 (1886)). Absent exceptional circumstances, federal courts must abstain from interfering with ongoing state-court criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971). And even if exceptional circumstances exist, petitioners ordinarily must first litigate their claims in the state-court system by raising it in the state circuit court and, if necessary, the court of appeals and Wisconsin Supreme Court. *See Olsson v. Curran*,

328 F. App'x 334, 335 (7th Cir. 2009). It doesn't appear that Brown has taken those steps regarding any issue in his criminal case.

Nonetheless, because it is unclear what grounds for relief Brown actually seeks in this petition, I won't yet dismiss the case. Instead, I'll give him a chance to file an amended petition explaining in detail (1) each of his specific grounds for relief; (2) the facts supporting those grounds; and (3) what steps he has taken to raise the issue in the state-court system. If Brown does not submit an amended petition by this deadline, I will dismiss the case in its entirety.

ORDER

IT IS ORDERED that:

1. The caption is AMENDED as set forth above.

2. Petitioner may have until June 3, 2024, to submit an amended petition for habeas corpus as discussed in the opinion above.

Entered May 13, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge